UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————X

CHUKWUMA E. AZUBUKO, *pro se*,

                    Plaintiff,

    -against-

ADAM T. SANDOFSKY
and BANK OF AMERICA,

                    Defendants.

—————————————————————X

CHUKWUMA E. AZUBUKO, *pro se*,

                    Plaintiff,

    -against-

UNITED STATES SUPREME COURT and
WILLIAM K. SUTTER (THE CLERK)-
IN OFFICIAL CAPACITY,

                    Defendants.

—————————————————————X

**SUMMARY ORDER**


Civil Action No.
08-CV-1676 (DLI) (LB)


Civil Action No.
08-CV- 1677 (DLI) (LB)

**DORA L. IRIZARRY,  United States District Judge:**

Plaintiff, a Massachusetts' resident, filed these two complaints, proceeding *pro se*. The

complaints, filed on April 17, 2008, are his fifth and sixth filed in this district this year. The court

consolidates them for the purpose of this Summary Order. The court grants plaintiff's requests to

proceed *in forma pauperis* and dismisses the complaints as frivolous. Additionally, the court warns

plaintiff against future frivolous filings.

**DISCUSSION**

**A. Frivolous Actions**

The submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Courts are not, however, obligated to entertain all claims presented. In reviewing *pro se* applications to proceed *in forma pauperis*, courts must dismiss the underlying *pro se* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915 (e)(2)(B).

The first complaint arises out of plaintiff's failed attempt to cash a check written to him by defendant Sandofsky. Plaintiff appears to allege that Sandofsky wrote plaintiff a check for $350 as payment for "transportation service" plaintiff provided him and money plaintiff loaned him. Compl. at 1-2. Plaintiff alleges that Sandofsky's writing of the check and Fleet Bank's subsequent rejection of it violated his Fifth and Eighth Amendment rights. None of the alleged conduct giving rise to this complaint occurred outside of Massachusetts.

In the second complaint, plaintiff seeks damages from the United States Supreme Court and its Clerk of Court for the dismissal of his petition for a writ of certiorari. Additionally, he seeks an order from this court directing the Supreme Court to remand plaintiff's "dismissed and un-docket cases" to a lower court for trial. Plaintiff attached to his complaint a letter dated November 27, 2006, informing him of an order the Supreme Court issued. The order dismissed his petition and denied his motion for leave to proceed *in forma pauperis*. Additionally, the order placed filing restrictions on plaintiff as follows:

> As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1.

*See* Compl., attached November 27, 2006 letter.

There is no legal basis to support the filing of these complaints, no matter how liberally they are construed. Moreover, plaintiff's complaints suffer from several procedural infirmities: immunity of a defendant; improper venue, lack of personal jurisdiction, lack of subject matter jurisdiction. These actions are dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff merely seeks a new forum, where he is not yet restricted from filing, to litigate his frivolous causes of action.

**B. Warning**

As discussed in the court's May 2, 2008 Order, plaintiff is under severe filing restrictions in his "home" district of Massachusetts. The court has since discovered that the scope of plaintiff's litigious conduct is far grander than previously discussed. According to a search conducted on April 28, 2008 in the Federal Judiciary Public Access to Court Electronic Records Service, plaintiff has filed a total of 233 actions nationwide in various federal district and appellate courts. This stunning compilation of filings indicates an abuse of the federal judiciary's resources.

The instant actions are two additional examples of frivolous actions filed in districts to which there is no connection. The court notes that plaintiff had not received the court's prior warning, provided in the May 2, 2008 Order, by the time he filed the instant two actions. The court repeats its warning:

> **[T]he court will not tolerate frivolous litigation. All future actions filed by plaintiff will be reviewed by the court. If plaintiff files any further frivolous actions, the court will enter an order barring the acceptance of complaints without first obtaining leave from the court.**

May 28, 2008 Order.  The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith.

### C.  Leave to Amend

Ordinarily, courts should grant leave to *pro se* plaintiffs, at least once, to amend their complaints.  If repleading would be futile; however, courts should refrain from granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend).  In light of plaintiff's extensive litigation history and the frivolous nature of these suits, the court declines to afford plaintiff leave to amend.  The court must conserve its time and resources, which are more properly devoted to legitimate litigants and their claims.

### CONCLUSION

For the reasons set forth above, it is hereby ordered that (i) plaintiff's applications to proceed *in forma pauperis* are granted, (ii) the complaints are dismissed as frivolous, (iii) plaintiff is not permitted leave to amend, and (iv) the court certifies that any appeal taken from this order shall not be taken in good faith.  The court further warns plaintiff against filing any additional frivolous actions as explained in detail above.

SO ORDERED.


Dated:  Brooklyn, New York
        May 5, 2008


                                        _____/s/_____
                                             Dora L. Irizarry
                                        United States District Judge