UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

CHUKWUMA E. AZUBUKO, *pro se*,

                    Plaintiff,

       -against-

ADAM T. SANDOFSKY
and BANK OF AMERICA,

                    Defendants.

————————————————————————X

CHUKWUMA E. AZUBUKO, *pro se*,

                    Plaintiff,

       -against-

UNITED STATES SUPREME COURT and
WILLIAM K. SUTTER (THE CLERK)-
IN OFFICIAL CAPACITY,

                    Defendants.

————————————————————————X

**SUMMARY ORDER**
08-CV-1676 (DLI) (LB)

**SUMMARY ORDER**
08-CV- 1677 (DLI) (LB)

**DORA L. IRIZARRY,  United States District Judge:**

      Plaintiff, proceeding *pro se*, filed these two complaints on April 17, 2008.  By an Order dated

May 5, 2008, the Court consolidated these two complaints and dismissed them as frivolous and

warned plaintiff against future frivolous filings.  The Clerk entered Judgment in both actions on May

8, 2008.  On May 22, 2008, plaintiff submitted further arguments in a document captioned for these

two cases.  The Court construes the submission as a motion for reconsideration.  In doing so, the

Court is mindful that the submissions of *pro se* plaintiffs should be held "to less stringent standards

than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations

omitted); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004).  For the reasons set forth below, the

1

motion is denied.

A motion to reconsider "is to be treated as a Rule 59(e) motion if filed within ten days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). Plaintiff's motion was dated May 15, 2008; however, the court did not receive it until May 22, 2008. Thus, the motion was not filed within ten days of entry of Judgment and will be construed as a motion for reconsideration pursuant to Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure permits courts to relieve parties from final judgments, orders, or proceedings for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A motion for reconsideration under Rule 60(b ) is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon the showing of *exceptional* circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir.1990) (emphasis added), aff'd, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied

unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Trans., Inc., 70 F.3d 255 (2d Cir.1995).

Plaintiff's language in his motion is befuddling and does not alter the Court's conclusions stated in its May 5, 2008 Order. The Court finds that plaintiff has failed to demonstrate the existence of exceptional circumstances warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in the May 5, 2008 Order. Accordingly, plaintiff's motion for reconsideration under Rule 60(b) is denied. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
        September 30-, 2008

/s/
_____
DORA L. IRIZARRY
United States District Judge
